UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

JACQUELINE REYLING, as natural guardian to B.R., an infant,
KEITH REYLING, as natural guardian to B.R., an infant,       Index No.:

                      Plaintiffs,

                                                 **VERIFIED COMPLAINT**

        -against-       *Jury Trial Demanded*

THREE VILLAGE CENTRAL SCHOOL DISTRICT,
THREE VILLAGE CENTRAL SCHOOL DISTRICT BOARD
OF EDUCATION, WILLIAM BERNHARD,
and JOHN AND JANE DOES,

                      Defendants.

----------------------------------------------------------------------------X

Plaintiffs, JACQUELINE REYLING and KEITH REYLING, as natural guardians to B.R.., an infant, by and through their attorneys, LIEB AT LAW, P.C., as and for their complaint against the above-named Defendants, respectfully allege as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this action against defendants for their acts of discrimination, bullying, harassment, hostility, and retaliation against their son, B.R., based on B.R.'s disability in violation the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 1201, *et seq*., as well as the laws of the State of New York, including but not limited to §296 of the NYS Human Rights Law.

2. B.R., a student in the Three Village Central School District, has been subjected to years of ongoing physical and verbal abuse, harassment, discrimination, hostility, bullying, and retaliation by students and staff by reason of his hearing impairment. Defendants have continually failed and refused to remedy these violations and protect B.R., and further, have retaliated against B.R. based on his disability.

3. These violations have been ongoing and continuing throughout B.R.'s attendance within the Three Village Central School District, from elementary school through high school.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, as this action seeks to redress violations of federal law.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs state law claims.

6. Venue is proper in this matter because the events or omissions giving rise to the claims set forth herein occurred in Suffolk County.

## PARTIES

7. Plaintiffs JACQUELINE REYLING and KEITH REYLING, as natural guardians to B.R. an infant, at all times relevant to this action, were, and still are, residents of Suffolk County.

8. At all times relevant, B.R.. was, and continues to be, a resident of Suffolk County and student at the THREE VILLAGE CENTRAL SCHOOL DISTRICT (the "School District") in Suffolk County.

9. Upon information and belief, the School District is a municipal corporation duly organized, authorized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, defendant THREE VILLAGE CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION (the "Board") is a municipal corporation duly

organized, authorized and existing under and by virtue of the laws of the State of New York.

11. Upon information and belief, defendant WILLIAM BERNHARD was, and still is, an employee of the School District, and specifically, at all relevant times, the superintendent.

12. Upon information and belief, defendants JOHN AND JANE DOES were employees of the School District.

## FACTS

13. At all times relevant times, B.R. was a student in the School District. For approximately nine (9) years, B.R. has been subject to, and continues to be subjected to, physical and verbal harassment, bullying, discrimination, and retaliation from defendants and from his classmates on the basis of his disability.  Plaintiff is hearing impaired.

14. These violations have been ongoing and continuing since B.R. was in second grade.  B.R., now entering eleventh grade at Ward Melville Highschool, continues to be verbally and physically abused, harassed, bullied, discriminated against, and retaliated against by reason of his disability. B.R. is perceived as an easy target because of his disability.

15. This most recent incident was the final straw of what has been years on ongoing discrimination, disparate treatment, hostility.   On June 8, 2022, while B.R. was in the library with students A.Gr., D.D., and A.H., B.R. was assaulted by A.H. because of his disability, and sustained a broken nose.

16. Specifically, student A.H. blindsided B.R. by throwing multiple books at him while he was not looking, with one hitting him directly in the face, causing a nasal fracture.

17. In addition to causing B.R. physical and emotional pain and suffering, B.R. suffered humiliation, embarrassment and retaliation from other students who learned of the incident but believed the lies told by the assailants and not the true story from B.R.

18. Moreover, as a result of the June 2022 incident, B.R. was given one day of suspension, which prevented him from handing in his final Spanish assignment, which earned him a zero, and ultimately reduced his final average from a 90 to a 68, which grade has not been changed and remains on his transcript despite efforts by B.R. to have it changed.

19. B.R. received a school suspension, whereas his assailant received no adverse action.

20. This incident was reported to Deans Fyfe and Negus.

21. In response to B.R.'s complaints by B.R. and plaintiffs, the deans (i) blamed B.R. for the incidents; (ii) told B.R. that *his* schedule should be rearranged to avoid the abuser; (iii) told B.R. that *he* should switch schools; and (iv) told B.R. that the school he should attend should be The Three Village Academy, attended by students who require an alternate setting, including special education students, despite that B.R. maintained top grades and was placed in AP and Honors classes.

22. Plaintiff was targeted for his disability on March 29, 2022, when three students C.C., D.D. (the same D.D. from the June 8th incident), and A.H. (same A.H.. from the June 8th incident), ransacked B.R.'s backpack, with one or more of them stealing money from his wallet.

23. These incidents were reported to the school.  Only one student, however was "disciplined" for this conduct, while the other two students received no consequence.

24. The one student who was "disciplined," was still permitted to attend school, and his "discipline" consisted merely of sitting out of three baseball games.

25. A.H. was not disciplined even though A.H. has continuously and repeatedly tormented, harassed, bullied, discriminated against, and been hostile to B.R. for his disability.

26. A.H's unlawful treatment of B.R. is so open and obvious and pervasive that everyone on the baseball team is fully aware of it, including the coaches and athletic director.

27. Notwithstanding, A.H. has never been disciplined, or so much as admonished by school staff for his unlawful conduct.

28. Another student who discriminates, harasses, bullies is student A.P., who has continuously and repeatedly tormented and been hostile to B.R. for his disability. A.P.'s unlawful treatment of B.R. is so open and obvious and pervasive that everyone on the volleyball team is fully aware of it, including the coaches and athletic director.

29. Notwithstanding, A.P. has never been disciplined, or so much as admonished by school staff for his unlawful conduct.

30. In or about late October 2021, after enduring constant abuse, discrimination and and hostility from A.P., B.R. broke down and cried.

31. When hearing of A.P.'s conduct, the volleyball coach admonished A.P. for his behavior. That evening, however, A.P. targeted B.R. again in a group chat with the volleyball team where the boys were ribbing on each other.

32. A.P. targeted only B.R. and no one else for the ribbing, attacking him about his playing time, and further, expressly and specifically referencing B.R.'s disability by texting an emoji of hearing aids.

33. The school told B.R., "we can have [A.P.] off the team if you want" leaving B.R., an infant who is already the target of abuse and discrimination, with an impossible choice.

34. In late January 2019, another student who goes by the initials A.Go. threw a volleyball directly in B.R.'s face, causing pain, a nosebleed, and humiliation.

35. After being struck in the face, A.Go. then attacked B.R. and posted about it on social media, bragging how he beat B.R. so hard he caused him to "cry like a little fucking bitch."

36. A.Go., like the other kids, are fully aware that they can treat B.R. in an unlawful manner with impunity.

37. On or about May 22, 2015, a student repeatedly told B.R. that he was going to kill him, and would gesture his fingers in the shape of a gun pulling the trigger. The student was never disciplined for this conduct. By contrast, when B.R. restated the same remark back to the student, B.R. was disciplined.

38. Similarly, on or about October 28, 2013, B.R.'s parents reported to the school that one of the students on the school bus made threats to B.R. of shooting and killing him.

39. The school was entirely dismissive of the complaints, despite being advised that the student had access to firearms which his parents kept in their home and was a neighbor. The student was not disciplined for his conduct.

40. Further, at the time, B.R.'s language and hearing ability was significantly impaired leaving B.R. defenseless during a meeting with administrators without any representation whatsoever and without the knowledge of his parents.

41. B.R. has been unfairly and unreasonably disciplined; B.R. has been unfairly and unreasonably disciplined where his abusers have not been. B.R. has been subject to discrimination, disparate treatment and denial of equal protection.

42. Defendants have tolerated, encouraged, ignored, been deliberately indifferent to, and have failed to protect B.R. from his abusers/bullies/discriminators/harassers who continue to act with impunity and without deterrence.

43. Similarly, Defendants have failed to adequately supervise the students in their charge, despite foreseeable injuries proximately related to the absence of adequate supervision.

44. Further, they have had sufficiently specific knowledge and/or notice of the dangerous conduct which caused B.R.'s injuries. Defendants have also failed to enforce anti-bullying and anti-harassment policies.

45. Ever since B.R. filed the internal complaints, he has been discriminated and retaliated against by his perpetrators and their followers.

46. As a result of the foregoing, B.R. has and continues to suffer from stress, anxiety, depression, thoughts of self-harm, decline in motivation at school, decline in grades, denial of his right to a free appropriate public education, and undergoes therapeutic treatment.

47. Defendants have actual and constructive knowledge of the facts constituting these claims from the outset and continuing to the present day.

48. As a result of defendants' conduct, B.R. has been harassed, bullied, discriminated against, retaliated against, assaulted, battered, and negligently and intentionally caused to and continues to suffer emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION
## (Violation of Title II of the American with Disabilities Act)

49. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

50. B.R. was, at all relevant times, a qualified individual with a disability pursuant to the ADA. Specifically, B.R. is hearing impaired and requires cochlear implants.

51. B.R.'s hearing impairment qualifies as a disability under the ADA.

52. The School District is a "public entity" subject to the ADA.

53. Defendants, at all relevant times, have been aware of B.R.'s disability.

54. Defendants, at all relevant times, know or should have known of the countless incidents of harassment, bullying, physical violence, discrimination and hostility against B.R. based on his disability.

55. Defendants failed to and continues to fail to provide equal access to an educational forum, one of which B.R. has the right to receive. Specifically, the ongoing and continuous harassment displayed by B.R.'s classmates is so severe and pervasive as to undermine and distract from his educational experience and therefore, he is denied equal access to the Defendant institution's resources and opportunities.

56. As a result of Defendants' unlawful actions, B.R. has suffered physical injury, emotional distress, denial of a free and appropriate education, pain, and suffering, thereby entitling Plaintiffs to compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, in an amount to be determined at trial.

## PENDANT STATE LAW CLAIMS

## AS AND FOR A SECOND CAUSE OF ACTION
### (New York State Human Rights Law § 296(4) – Harassment)

40. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

41. Ward Melville Highschool is an educational institution subject to New York State Human Rights Law.

42. B.R. was, at all relevant times, a qualified individual with a disability. Specifically, B.R. is hearing impaired and requires cochlear implants.

43. Defendants, at all relevant times, have been aware of B.R.'s disability.

44. Defendants, at all relevant times, know or should have known of the countless incidents of harassment, bullying, physical violence, discrimination and hostility against B.R. based on his disability.

45. Defendants denied the use of its facilities to B.R. as a student at Ward Melville Highschool and/or permitted harassment of B.R. based on his hearing impairment.

46. Specifically, Defendants continuous failure to meaningfully and effectively discipline students and faculty for repeated harassment, bullying, discrimination and/or retaliation, including but not limited to, physical threats of extreme violence, hitting (including with objects), shoving, pushing, unwelcome touching, and discriminatory slurs towards B.R.

47. Additionally, B.R. avoids the library since it is inadequately supervised and the location of many of his bullying and discrimination occurrences.

48. As a result, B.R. cannot freely enjoy his educational privileges, both during school and during after-school sports.

49. B.R.'s right to equal access of all the accommodations the school offers is denied due to the failure of Defendants to act in response to the ongoing and continuous harassment and bullying.

50. As a result of Defendants' unlawful actions, Plaintiffs have suffered physical injury, emotional distress, denial of a free and appropriate education, pain, and suffering, thereby entitling Plaintiffs to compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
### (New York State Human Rights Law § 296(6) – Aid and Abet)

51. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

52. B.R. was, at all relevant times, a qualified individual with a disability. Specifically, B.R. is hearing impaired and requires cochlear implants.

53. Defendants, at all relevant times, have been aware of B.R.'s disability.

54. Defendants aided, abetted, incited, compelled and/or coerced discrimination against B.R. when it permitted students to harass, bully, and discriminate against B.R. on the basis of his disability, and as a result of B.R.'s hearing impairment.

55. Specifically, Defendants continuous failure to discipline students and faculty for repeated harassment, bullying, discrimination and/or retaliation, including but not limited to, physical threats of extreme violence, hitting (including with objects), shoving, pushing, unwelcome touching, and discriminatory slurs towards B.R. led to the ongoing and continuous nature of such actions.

56. Further, Defendants failed to discipline and/or punish faculty and students for harassing behavior and/or encouraging harassing behavior such as threats of serious physical injury, hitting (including with objects), shoving, pushing, unwelcome touching, and discriminatory slurs towards B.R.

57. As a result of Defendants' unlawful actions, Plaintiffs have suffered physical injury, emotional distress, denial of a free and appropriate education, pain, and suffering, thereby entitling Plaintiffs to compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, in an amount to be determined at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(New York State Human Rights Law § 296(7) – Retaliation)**

58. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

59. B.R. was, at all relevant times, a qualified individual with a disability. Specifically, B.R. is hearing impaired and requires cochlear implants.

60. Defendants, at all relevant times, have been aware of B.R.'s disability.

61. Plaintiffs made several complaints of discrimination to Defendants.

62. In retaliation for the complaints as fully set forth above, Defendants have failed to take action to protect B.R., failed to take appropriate action against the harassing students, repeatedly ignores B.R.'s cry for help and in fact have punished B.R. for the discrimination he complained of and not the wrongdoers.

63. Defendants have punished B.R. for verbal attempts to curtail the harassment and bullying and prohibited him from defending against said provocation, and Defendants chose not to intervene, and advised B.R. to work out the abusive conduct with the harassers and

bullies directly by making it "his" decision what he wanted to happen in terms of the punishment on at least one occasion.

64. As a result of Defendants' unlawful actions, Plaintiffs have suffered physical injury, emotional distress, denial of a free and appropriate education, pain, and suffering, thereby entitling Plaintiffs to compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION)
**(Failure to Supervise and/or Protect)**

65. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

66. Defendants have a duty of reasonable care to ensure students' safety while in and on school grounds, provide adequate supervision of students and/or properly train its staff to manage, care for and educate the students.

67. Defendants breached their duty of care to B.R. by failing to mete out consequences or take measures to deter further abusive and discriminatory conduct by B.R.'s abusers.

68. Defendants breached its duty of care to B.R. by failing to keep him safe from harm by failing to provide adequate supervision, including at the library which is inadequately supervised, particularly during 9th period, where students jump on tables, causing them to collapse, throw books on the floor, eat, sleep, and bully and discriminate against each other without consequence.

69. Defendants breached their duty of care to B.R. by failing to provide anti-discrimination and anti-bullying education and training.

70. Defendants failed to adequately train School District staff about policies prohibiting harassment, discrimination, and retaliation on the basis of B.R.'s specific disability, and/or failed to adequately supervise School District staff, including but not limited to Deans Fyfe and Negus in carrying out their duties, and/or failed to adequately train School District staff as to the manner in which to investigate complaints of harassment/discrimination/retaliation on the basis of B.R.'s specific disability.

71. Defendants breached their duty by its policies and practices of unlawful discrimination, and/or their deliberate indifference to same.

72. Defendants breach directly and proximately caused Plaintiffs and B.R to suffer physical and psychological injuries.

73. As a result of Defendants' unlawful actions, Plaintiffs have suffered physical injury, emotional distress, denial of a free and appropriate education, pain, and suffering, thereby entitling Plaintiffs to compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
**(Assault)**

74. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

75. Defendants intentionally placed B.R. in apprehension of imminent harmful or offensive contact on multiple occasions by way of purposely and/or knowingly placing B.R. in apprehension of physical and verbal harassment, bullying, kicking, hitting (including with objects), shoving, pushing, unwelcome touching, and discriminatory slurs, which can be, and are, offensive to a reasonable person of B.R.'s age.

76. Defendants' conduct directly and proximately caused B.R.'s physical injuries and emotional distress but for Defendants actions, B.R. would be safe from reasonable apprehension of said harmful or offensive contact.

77. As a result of Defendants' unlawful actions, Plaintiffs have suffered physical injury, emotional distress, denial of a free and appropriate education, pain, and suffering, thereby entitling Plaintiffs to compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, in an amount to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**(Battery)**

78. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

79. Defendant caused the ongoing and continuous harmful and/or offensive contact to B.R. by way of intentionally, purposely, and/or knowingly permitting B.R. to be subjected to physical and verbal harassment, bullying, kicking, hitting (including with objects), shoving, pushing, unwelcome touching, and discriminatory slurs, which can be, and are, offensive to a reasonable person of B.R.'s age.

80. Defendants' conduct directly and proximately caused B.R.'s physical injuries and emotional distress because but for Defendants actions, B.R. would be safe from said harmful or offensive contact.

81. As a result of Defendants' unlawful actions, Plaintiffs have suffered physical injury, emotional distress, denial of a free and appropriate education, pain, and suffering, thereby entitling Plaintiffs to compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, in an amount to be determined at trial.

## AS AND FOR AN EIGTH CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**

82. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

83. Defendants have a duty of reasonable care to ensure students' safety while in and on school grounds, provide adequate supervision of students and/or properly train its staff to manage and care for their students, and to educate their students.

84. Defendants breached their duty of care to B.R. by failing to mete out consequences to B.R.'s abusers or take measures to deter further abusive and discriminatory conduct by B.R.'s abusers.

85. Defendants breached their duty of care to B.R. by failing to keep him safe from harm by failing to provide adequate supervision and/or anti-discrimination and anti-bullying education and training to staff and students.

86. Defendants failed to adequately train School District staff about policies prohibiting harassment, discrimination, and retaliation on the basis of B.R.'s specific disability, and/or failed to adequately supervise School District staff, including but not limited to Deans Fyfe and Negus in carrying out their duties, and/or failed to adequately train School District staff as to the manner in which to investigate complaints of harassment/discrimination/retaliation on the basis of B.R.'s specific disability.

87. Defendants breached their duty by having policies and/or practices of unlawful discrimination, and/or by their deliberate indifference to same.

88. Defendants' breaches directly and proximately caused Plaintiffs and B.R to suffer physical and psychological injuries that are ongoing in nature.

89. B.R. has experienced threats of imminent physical danger unreasonably endangering his safety and wellbeing and causes him to fear for his own safety.

90. Attempts by B.R. to seek the aid of Defendants have failed, as they have deliberately failed to intervene and/or provide protection to B.R.

91. Defendants' conduct directly and proximately caused B.R.'s emotional distress.

92. As such, B.R. suffers from mental health issues, has constant thoughts of self-harm and has undergone, and continues to undergo, intensive mental health treatment to deal with the trauma.

93. As a result of Defendants' unlawful actions, Plaintiffs have suffered physical injury, emotional distress, denial of a free and appropriate education, pain, and suffering, thereby entitling Plaintiffs to compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, in an amount to be determined at trial.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

94. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

95. Defendants' behavior was so extreme, outrageous, utterly reprehensible, and intolerable in a civilized society because Defendants intentionally and/or recklessly, with disregard of a substantial likelihood of causing severe emotional distress, permitted B.R. to be subjected to physical and verbal harassment, bullying, kicking, hitting (including with objects), shoving, pushing, unwelcome touching, and discriminatory slurs.

96. Defendants' conduct directly and proximately caused B.R.'s emotional distress.

97. As such, B.R. suffers from mental health issues, has thoughts of self-harm and has undergone, and continues to undergo, intensive mental health treatment to deal with the trauma.

98. As a result of Defendants' unlawful actions, Plaintiffs have suffered physical injury, emotional distress, denial of a free and appropriate education, pain, and suffering, thereby entitling Plaintiffs to compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, in an amount to be determined at trial.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligence)

86. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

87. Defendants had a duty to their students to provide a safe and productive school environment, and compliance with statutes regarding, inter alia, reporting of criminal offenses and child abuse, and requirements related to ensure a school climate safe from sexual and physical assault and bullying are ministerial in nature.

88. Defendants breached that duty by negligently failing to prevent, investigate and punish bullying, harassing and assaultive behavior by B.R.'s peers.

89. It was apparent to the defendants that their failures to act would be likely to subject B.R. to imminent harm by a group of identifiable students and student-athletes during unsupervised periods of time.

90. Defendants' breaches of duty proximately caused B.R. to suffer severe and painful physical, psychological and emotional injuries, some of which may be permanent in nature.

91. As a further result of Defendants' actions and failures to act, in violation of B.R.'s constitutional and/or statutory rights, B.R. was forced to undergo physical and mental harassment that has been ongoing and continuous in nature.

92. As a further result of Defendants' acts and omissions, B.R. has been traumatized, causing his to suffer severe damage to his ego, his self-esteem, his ability to perform in school, ability to relate to others ability to communicate and socialize with others, and depriving his of the opportunity to enjoy the benefits and advantages of attending high school in his local community, as well as his enjoyment of life activities. Such trauma may be permanent in nature.

93. The defendants are liable to the plaintiff for the injuries described above.

## DEMAND FOR JURY TRIAL

94. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above as though fully set forth herein.

95. Plaintiffs hereby demand a trial by jury.

**WHEREFORE**, Plaintiffs demand a judgment in their favor and against Defendants, with interest, costs, and disbursements of this action as follows:

(1) On all causes of action, compensatory damages, punitive damages, costs, expenses, and reasonable attorneys' fees, and/or the maximum amount under the law plus interest; and

(2) Any further relief the Court finds just, proper, and equitable.

Dated: Smithtown, New York
       January 16, 2023

                                      LIEB AT LAW, P.C.

                                      By: /s/ *Cheryl L. Berger*
                                           Cheryl Berger, Esq.
                                      *Attorneys for Plaintiffs*
                                      308 W. Main Street, Suite 100
                                      Smithtown, NY 11787
                                      (646) 216-8009 ext. 116
                                      Cheryl@liebatlaw.com

## VERIFICATION

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF SUFFOLK    )

JACQUELINE REYLING, being duly sworn says: I am one of the Plaintiffs in the action herein. I have read the annexed Verified Complaint, know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe to be true.

_____
JACQUELINE REYLING

Sworn to before me on this
6th day of January, 2023.

_____
Notary Public

CHERYL L BERGER
Notary Public-State of New York
No. 02BE6400963
Qualified in Nassau County
Commission Expires 11/25/20 27